UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00006 JAK (RAOx) | Date | May 2, 2019 |
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | |

Present: The Honorable **JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE**

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE ORDER TO SHOW CAUSE RE JURISDICTION (DKT. 44)**
**JS-6: Remand**

## I.     Introduction

On December 3, 2018, Mele Hamala ("Plaintiff") brought this action in the Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"),[1] Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett Daffin") (collectively, "Defendants") and Does 1-20. Compl., Dkt. 1-1. The Complaint advances six causes of action: (i) violation of Cal. Civ. Code §§ 2923.55, 2923.5; (ii) violation of Cal. Civ. Code § 2923.7; (iii) violation of Cal. Civ. Code § 2924.17; (iv) violation of Cal. Civ. Code § 2924g/promissory estoppel; (v) negligence; and (vi) violation of Cal. Bus. & Prof. Code § 17200. *Id.*

On January 2, 2019, Wells Fargo removed the action on the basis of diversity jurisdiction. Dkt. 1. The Notice of Removal represents that Plaintiff is a citizen of California, Wells Fargo is a citizen of South Dakota, and Barrett Daffin is a citizen of California and several other states. *Id.* at 3-5. However, it contends that the citizenship of Barrett Daffin should "be ignored for purposes of the diversity jurisdiction analysis, as it is a nominal party with absolutely no financial interest in the subject loan or Property, and against which no affirmative relief is being sought." *Id.* at 5.

On March 1, 2019, the parties filed a Joint Rule 26(f) Report, in which Plaintiff asserts that, because Barrett Daffin is not a nominal party, there is not complete diversity among the parties and no corresponding federal jurisdiction over this action. Dkt. 30 at 3. Also on March 1, 2019, Plaintiff filed the First Amended Complaint ("FAC"). Dkt. 31. The FAC presents the following six causes of action: (i) violation of Cal. Civ. Code § 2923.7; (ii) violation of Cal. Civ. Code § 2923.17; (iii) violation of Cal. Civ. Code § 2924g/promissory estoppel; (iv) negligence; (v) wrongful foreclosure; and (vi) violation of Cal. Bus. & Prof. Code § 17200. *Id.*

On April 1, 2019, an Order to Show Cause issued as to whether there is federal subject matter jurisdiction over this action. Dkt. 44. Plaintiff, Wells Fargo and Barrett Daffin each filed a response. Dkts. 46, 47, 48. For the reasons stated in this Order, there has not been a sufficient showing that

---

[1] Wells Fargo is identified in the Complaint as "Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank, FSB."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00006 JAK (RAOx) | Date | May 2, 2019 |
|---|---|---|---|
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | |

Barrett Daffin is a nominal or sham defendant. Because its citizenship cannot be disregarded, there is no subject matter jurisdiction over this action, and its remand to the Los Angeles Superior Court is required.

## II.     Background

### A.     General Allegations

Plaintiff resides at 4153 W. 138th Street, Hawthorne, CA 90250 (the "Property"). FAC ¶ 1.[2] On May 22, 2007, Plaintiff borrowed $392,000 through a loan (the "Loan") that was secured by the Property. *Id.* ¶ 8. The security interest of the lender was memorialized in a deed of trust ("DOT"). *Id.* Pursuant to the DOT, the original beneficiary was World Savings Bank, FSB ("World Savings Bank"). *Id.* World Savings Bank later changed its name to Wachovia Mortgage, FSB, which was acquired by Wells Fargo in 2008. *Id.* ¶ 9.

At some point after the Loan was in place, Plaintiff began experiencing financial difficulties and had difficulty making required payments. On February 6, 2017, Barrett Daffin, acting on behalf of Wells Fargo, caused a notice of default to be recorded as to the Property. *Id.* ¶ 11. Plaintiff applied for a loan modification, which Wells Fargo denied in a letter dated April 12, 2018. *Id.* ¶ 14-16. On May 3, 2018, Plaintiff appealed the decision. *Id.* ¶ 17. On July 23, 2018, Barrett Daffin, again acting on behalf of Wells Fargo, caused a notice of trustee's sale to be recorded as to the Property. *Id.* ¶ 19. On September 1, 2018, Plaintiff submitted a short sale application to Wells Fargo. *Id.* ¶ 21. In October 2018, Wells Fargo informed Plaintiff that the short sale application was denied based on a discrepancy in purchase price. *Id.* ¶ 23. On February 4, 2019, Barrett Daffin caused the foreclosure of the Property. *Id.* ¶ 32. It is alleged that, "to date, Defendants have yet to provide [Plaintiff] a determination of her 2018 appeal of Defendants' denial of her 2018 loan modification application and an explanation for Defendants' denial of her complete 2018 short sale application." *Id.* ¶ 33.

### B.     The Alleged Role of Barrett Daffin

The FAC alleges that Barrett Daffin acted as the substitute trustee with respect to the DOT. FAC ¶ 10. It alleges that Barrett Daffin caused a notice of default to be recorded against the Property, and that the notice of default contained a false declaration of due diligence. *Id.* ¶¶ 11-12, 59. The FAC also alleges that Barrett Daffin caused a premature notice of trustee's sale to be recorded against the Property, and that it "unfairly and unlawfully" foreclosed on the Property on February 4, 2019. *Id.* ¶¶ 19, 32, 59, 95. It is further alleged that "Barrett Daffin separately and in concert with Defendants, actively sought to further the conspiracy of Wells Fargo's to wrongfully foreclose on the Subject Property for its own

---

[2] Although the propriety of a removal is analyzed from the time when an action is removed, the analysis in this Order is not limited to a consideration of the allegations of the Complaint. In assessing a claim of fraudulent joinder, a court should consider both the complaint and potential amendments that could cure deficiencies in the claims stated against the non-diverse party. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (in analyzing fraudulent joinder, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend")*.* For the purposes of such an analysis, the FAC serves a function analogous to the proposed amended complaints that are often attached to a motion to remand on the basis that a non-diverse defendant is a "real," as opposed to sham, defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00006 JAK (RAOx) | Date | May 2, 2019 |
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | |

purposes and monetary goals." *Id.* ¶¶ 11, 19, 59, 96; *see also* FAC ¶ 32 ("For its own individual purposes and monetary goals, Barrett Daffin separately, and in concert with Wells Fargo, actively sought and accomplished the object of the Defendants' conspiracy, by foreclosing on the Subject Property."). Several other allegations in the FAC are asserted against "Defendants," collectively.

III.    **Analysis**

    A.    Removal and Remand

A state civil action may be removed only if, at the time of removal, it is one as to which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Diversity Jurisdiction and Fraudulent Joinder

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

The "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations and brackets removed). To show that a defendant has been fraudulently joined, it must be established that "the individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Thus, provided that there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," a joinder is not deemed fraudulent. *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Id.* at 1118.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "Remand must be granted unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00006 JAK (RAOx) | Date | May 2, 2019 |
|---|---|---|---|
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | |

defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.* (internal quotations and brackets omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (brackets and citation omitted).

    C.    Application

        1.    <u>Whether There Is Diversity of Citizenship on the Face of the Complaint</u>

The citizenship of the parties is not disputed. Plaintiff is a California citizen. Compl. ¶ 1; FAC ¶ 1; *see also* Dkt. 1 at 3-4. Wells Fargo is a citizen of South Dakota. Ex. F to Notice of Removal, Dkt. 1-3; *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Barrett Daffin is a limited liability partnership, some of whose partners are California citizens. Dkt. 1 at 5. It is an "accepted rule" that a partnership "is a citizen of each State or foreign country of which any of its partners is a citizen." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004). Therefore, Barrett Daffin is a citizen of California.

A single non-diverse defendant precludes diversity jurisdiction. Plaintiff and Barrett Daffin are both citizens of California. Accordingly, there is not complete diversity of citizenship on the face of the Complaint.

        2.    <u>Whether the Citizenship of Barrett Daffin Should Be Disregarded</u>

            a)    Positions of the Parties

As noted, the Notice of Removal asserts that the citizenship of Barrett Daffin should "be ignored for purposes of the diversity jurisdiction analysis, as it is a nominal party with absolutely no financial interest in the subject loan or Property, and against which no affirmative relief is being sought." Dkt. 1 at 5. Barrett Daffin confirms that it considers its status to be that of a nominal party. Dkt. 46 at 3; *see also* Declaration of Non-Monetary Status, Dkt. 1-2 at 123-30. Barrett Daffin argues that, "[a]s the substitute Trustee under a Deed of Trust, [it] has very limited duties and owes no fiduciary obligations to either the Trustor or the Beneficiary." Dkt. 46 at 3. Barrett Daffin also argues that its involvement in the events underlying this action "was strictly within its ministerial role" as trustee, and that "Plaintiff makes no allegations stating that [Barrett Daffin] acted for 'its own personal advantage' as either an agent or dual agent."[3] *Id.* (quoting *Nong v. CAM and BSI Fargo Bank, N.A.* 2010 U.S. DIST LEXIS 131890, at *3-5 (C.D. Cal. Nov. 22, 2010)). Barrett Daffin further contends that it "is protected from liability by California Civil Code § 2924 (b) and by the qualified privilege of § 2924(d) and § 47." *Id.*

Wells Fargo presents similar arguments. It contends that "the claims and allegations asserted by Plaintiff in her First Amended Complaint ('FAC') fail to plead any specific allegations as to wrongdoing by the trustee, [Barrett Daffin], and do not expose Barrett Daffin to the possibility of liability in this

---

[3] Barrett Daffin's characterization is accurate as to the Complaint, but no longer holds true as to the FAC. The FAC alleges several times that Barrett Daffin acted "for its own purposes and monetary goals." FAC ¶¶ 11, 19, 59, 96; *see also* FAC ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00006 JAK (RAOx) | | Date | May 2, 2019 |
|---|---|---|---|---|
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | | |

matter." Dkt. 47 at 2. Wells Fargo argues that "the only conduct Barrett Daffin is accused of committing is the recordation of [notices of default and sale]," that Barrett Daffin's role was purely "ministerial," and that its conduct was privileged pursuant to Cal. Civ. Code §§ 2924(d) and 47(c). *Id.* at 2-6. Wells Fargo adds that, to the extent the FAC now pleads Barrett Daffin "actively sought to further the conspiracy of Wells Fargo's to wrongfully foreclose on the Subject Property for its own individual purposes and monetary goals," those allegations are conclusory and unsupported by facts. *Id.* at 5 (quoting FAC ¶¶ 11, 19, 32, 59, 96). Thus, Wells Fargo argues that Barrett Daffin "is a fraudulently joined nominal party." Dkt. 47 at 2.

Plaintiff disputes that Barrett Daffin was fraudulently joined in this action. Plaintiff emphasizes the high burden on Defendants to demonstrate fraudulent joinder and cites several district court cases within this Circuit that held a trustee was not a nominal or sham defendant on facts similar to those alleged in the FAC. Dkt. 48 at 3-7 (citing, *inter alia*, *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034 (C.D. Cal. 2012); *McMahon v. NBS Default Servs., LLC*, No. 2:17-CV-2493-TLN-EFB-PS, 2018 WL 4328304, at *5 (E.D. Cal. Sept. 11, 2018), *report and recommendation adopted*, No. 2:17-CV-2493-TLN-EFB, 2018 WL 4698327 (E.D. Cal. Sept. 28, 2018); *Castle v. Bank of Am., N.A.*, No. 2:15-CV-1657-GW ASX, 2015 WL 1842726, at *2 (C.D. Cal. Apr. 20, 2015); *Latino v. Wells Fargo Bank*, N.A., No. 2:11-cv-02037-MCE-DAD, 2011 WL 4928880 (E.D. Cal. Oct. 17, 2011)).

Plaintiff argues that, where, as here, it is alleged that a trustee conspired with other defendants to harm a plaintiff, the trustee is not a nominal party. *Id.* at 3-4. She also argues that any potential immunity of Barrett Daffin pursuant to Cal. Civ. Code § 47 should not be considered for the purpose of analyzing jurisdiction. *Id.* at 4-5. However, she states that even if it is, she has adequately alleged that Barrett Daffin's conduct was sufficiently fraudulent and malicious to exceed the scope of the privilege. *Id.* Plaintiff adds that she could amend the FAC to allege more details as to malice if necessary. *Id.* at 5.

Plaintiff asserts that she has pleaded substantive allegations against and sought recovery from Barrett Daffin, that her claims against Barrett Daffin "are not merely predicated on its ministerial role," and therefore that Barrett Daffin is not a nominal or sham defendant. *Id.* at 6-7 (quoting *Taasan v. JPMorgan Chase Bank, N.A.*, No. 2:18-CV-00698-WBS-EFB, 2018 WL 4027016, at *3 (E.D. Cal. Aug. 21, 2018)). Plaintiff further contends that Barrett Daffin's filing of a declaration of non-monetary status in the Superior Court does not change that outcome, because it is a state procedural vehicle, and because the action was removed three days prior to the expiration of the objection period. *Id.* at 7.[4]

   b)   Analysis

Plaintiff's position is the more persuasive one, particularly in light of the "heavy burden" imposed on a defendant who seeks to invoke diversity jurisdiction on the basis of fraudulent joinder. *See Hunter v.*

---

[4] In the Notice of Removal, Wells Fargo referenced the filing of the declaration of non-monetary status and attached a copy of it. Dkt. 1 at 5; Dkt. 1-2 at 123-30. However, neither Wells Fargo nor Barrett Daffin discussed this issue in their respective briefs. Because this action was removed prior to the deadline to object to the declaration of non-monetary status, it is unnecessary to decide whether its filing, without objection, more than 15 days prior to removal would be sufficient to establish that the subject party is a nominal defendant. The declaration of non-monetary status has been considered in connection with this Order only to the extent that it provides support for the position that Barrett Daffin considers itself a nominal defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00006 JAK (RAOx) | Date | May 2, 2019 |
|---|---|---|---|
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | |

*Philip Morris USA,* 582 F.3d 1039, 1044 (9th Cir. 2009). Plaintiff brings all causes of action against Barrett Daffin and seeks damages against Barrett Daffin. The FAC alleges the Barrett Daffin acted as the substitute trustee with respect to the DOT, recorded faulty notices of default and trustee's sale, and "unfairly and unlawfully" foreclosed on the Property. FAC ¶¶ 10-12, 19, 32, 59, 95. The FAC also alleges that "Barrett Daffin separately and in concert with Defendants, actively sought to further the conspiracy of Wells Fargo's to wrongfully foreclose on the Subject Property for its own purposes and monetary goals." *Id.* ¶¶ 11, 19, 59, 96; *see also id.* ¶ 32 ("For its own individual purposes and monetary goals, Barrett Daffin separately, and in concert with Wells Fargo, actively sought and accomplished the object of the Defendants' conspiracy, by foreclosing on the Subject Property."). Plaintiff also asserts that, in an amended complaint, she could make additional allegations of malice as to Barrett Daffin. Dkt. 48 at 5.

The allegations as to misconduct by Barrett Daffin are limited and not particularly detailed. However, assuming without deciding that the FAC, as currently pleaded, would not survive a motion to dismiss as to Barrett Daffin, that would not be sufficient to warrant a finding of fraudulent joinder. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). In evaluating a claim of fraudulent joinder, "[d]oubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Nor must Plaintiff show that, following the amendment of the complaint, she is likely to succeed on the merits of her claims. *See Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999). Rather, to rebut a claim of fraudulent joinder, a plaintiff need only show that "there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[]." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

Although it was not evident on the face of the original Complaint, it is now clear that Plaintiff alleges Barrett Daffin engaged in conduct beyond its ministerial role as trustee and acted with malice and "for its own purposes and monetary goals." The FAC presents several allegations to this effect, and Plaintiff represents that she can make additional ones in support of malice. If Plaintiff is able to prove that Barrett Daffin acted in such a manner, it would not be protected by the qualified privilege of Cal. Civ. Code §§ 2924(d) and 47(c). *See* Cal. Civ. Code § 47(c) (establishing a qualified privilege for certain communications made "without malice"). Allegations of this nature could expose Barrett Daffin to liability and establish that its role in the events underling the claims in this action was more than a nominal one. Although these allegations are somewhat vague and conclusory, they are sufficient to support a "non-fanciful possibility" that a plaintiff could recover against a non-diverse defendant.

Further, the FAC includes more specific allegations than the prior version as to liability for conspiracy. It is now alleged that Barrett Daffin conspired with Wells Fargo wrongfully to foreclose on the Property, "actively sought and accomplished the object of the Defendants' conspiracy" by conducting the foreclosure sale, and did so "[f]or its own individual purposes and monetary goals." FAC ¶¶ 5, 11, 19, 32, 59, 96. Wells Fargo argues that these allegations are conclusory and, therefore, "insufficient to show that Barrett Daffin is anything other than a nominal party that has been fraudulently joined as a defendant." Dkt. 47 at 5. However, Wells Fargo's argument does not consider the possibility of amendment to allege conspiracy with greater specificity. Plaintiff has demonstrated an intent to pursue that theory of liability against Barrett Daffin at least as to the claim of wrongful foreclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00006 JAK (RAOx) | | Date | May 2, 2019 |
|---|---|---|---|---|
| Title | Mele Hamala v. Wells Fargo Bank, N.A., et al. | | | |

If Plaintiff succeeds in demonstrating conspiracy liability as to Barrett Daffin, it would "incur[] tort liability co-equal with the immediate tortfeasors," *i.e.*, Wells Fargo. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). Thus, even if Plaintiff did not prevail on the direct claims against Barrett Daffin, liability for conspiracy would make Barrett Daffin a "real" defendant, rather than a nominal or sham one. It is immaterial for the purpose of jurisdiction whether such a theory is likely to succeed, so long as "there is a *possibility* that a state court would find that the complaint states a cause of action against" Barrett Daffin. *Grancare*, 889 F.3d at 548 (emphasis in original). Several other district courts in this Circuit have found similar allegations sufficient to defeat a claim of fraudulent joinder as to a foreclosure trustee. *E.g.*, *Mireles,* 845 F. Supp. 2d 1034; *Sung v. Bank of Am., N.A.,* No. 5:16-CV-1797-FMO-KKX, 2016 WL 4820613 (C.D. Cal. Sept. 14, 2016); *Dejillo v. Wells Fargo Bank*, *N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344 (N.D. Cal. Sept. 4, 2015); *Alabastro v. Wells Fargo Bank, N.A.*, No. 5:14-CV-03469-EJD, 2015 WL 138235 (N.D. Cal. Jan. 9, 2015); *Daniels v. Wells Fargo Bank*, N.A., No. 2:12-CV-5289-PSG, 2012 WL 10649202 (C.D. Cal. Sept. 11, 2012).

In connection with responding to a claim of fraudulent joinder, once again, Plaintiff need not demonstrate a likelihood of success on the merits. Under the applicable legal standards, Defendants have not carried their burden to show that Barrett Daffin is a nominal or sham defendant. Therefore, the citizenship of Barrett Daffin must be considered for the purposes of determining federal jurisdiction. Because both Barrett Daffin and Plaintiff are citizens of California, there is no diversity jurisdiction, and remand is required.

### IV. Conclusion

For the reasons stated in this Order, there is no subject matter jurisdiction over this action. Therefore, this action is remanded to the Los Angeles Superior Court at its Torrance Courthouse, Case No. 18TRCV00146.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |